```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
                      DALLAS DIVISION
```

TITAN AVIATION, LLC,              §
                                  §
              Plaintiff,          §
                                  § Civil Action No. 3:06-CV-1121-D
VS.                               §
                                  §
KEY EQUIPMENT FINANCE, INC.       §
f/k/a KEY CORPORATE CAPITAL,      §
INC., et al.,                     §
                                  §
              Defendants.         §

## MEMORANDUM OPINION AND ORDER

The principal question presented by plaintiff's motion to remand is whether the instate defendant in this removed diversity case is a nominal or formal party whose citizenship can be disregarded. Concluding that it is, the court denies the motion to remand.

I

Plaintiff Titan Aviation, LLC ("Titan"), a Texas limited liability company whose sole member is a Texas corporation with its principal place of business in Texas, sued defendants Key Equipment Finance, Inc. f/k/a Key Corporate Capital, Inc. ("Key"), General Electric Capital Corporation ("GECC"), and Texas Capital Bank, N.A. ("TCB") in Texas state court to enjoin payment on a letter of credit ("LC") that TCB issued.[1]  Titan entered into an agreement with Key to lease an aircraft.  Key purchased the aircraft and

---

[1] Key is a citizen of Michigan and Colorado, and GECC is a citizen of Delaware and Connecticut.

financed the Titan lease.  Titan was obligated to provide an LC as security.  It obtained the LC from TCB, naming Key as the beneficiary.[2]

Key later transferred and assigned the lease and its rights thereunder to GECC.  In May 2006 GECC notified Titan that it was in default and that GECC was terminating the lease.  GECC also demanded that Titan pay GECC damages.  Key presented the LC to TCB and sought to draw on it based on Titan's default under the lease.  Titan sued Key, GECC, and TCB in Texas state court seeking a temporary restraining order, temporary injunction, and permanent injunction to enjoin Key and GECC from drawing upon, collecting, or receiving any payment from TCB relating to the LC and enjoining TCB from paying or otherwise honoring the LC.  The state court granted injunctive relief.  Key and GECC took steps in state court to oppose such relief before it was granted.

Key and GECC removed the case to this court based on diversity of citizenship, contending that TCB's Texas citizenship can be disregarded because it is a nominal defendant who has been improperly joined.  Titan moves to remand the case, contending that TCB is not merely a nominal or formal party and has not been improperly joined.  It also maintains that Key and GECC waived their right of removal due to actions they took in state court before the case was removed.

---

[2]The beneficiary was actually Key Corporate Capital, Inc.

- 2 -

II

Because 28 U.S.C. § 1332(a) requires complete diversity of citizenship, and because a case cannot be removed to federal court (even when the parties are completely diverse) if even one of the parties in interest properly joined and served as a defendant is a citizen of the state in which the action is brought, *see* 28 U.S.C. § 1441(b), this case is not removable unless TCB's citizenship can be disregarded.

"The doctrine of improper joinder . . . entitle[s] a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'" *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). "When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper." *Id.* at 576. Improper joinder is established by showing that there was either actual fraud in the pleading of jurisdictional facts or that the plaintiffs are unable to establish a cause of action against the non-diverse defendant in state court. *Id.* at 573 (citing *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003)).

Under the second alternative—the one at issue in this case—the test for improper joinder "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently

means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* A plaintiff's joinder of formal or unnecessary parties cannot defeat diversity jurisdiction and prevent removal. *Pesch v. First City Bank of Dallas*, 637 F. Supp. 1530, 1536 (N.D. Tex. 1986) (Fitzwater, J.) (citing *Salem Trust Co. v. Mfr.'s Fin. Co.*, 264 U.S. 182, 189 (1924); *Nunn v. Feltinton*, 294 F.2d 450, 453 (5th Cir. 1961)).

There are two "proper means for predicting whether a plaintiff has a reasonable basis of recovery under state law." *Smallwood*, 385 F.3d at 573.

> The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder.

*Id.* (footnote omitted). In cases where "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* The decision to conduct such an inquiry rests within the discretion of the trial court and "is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* at 573-74. "The party seeking removal bears a

- 4 -

heavy burden of proving that the joinder of the in-state party was improper." *Id.* at 574.

                                III

Titan alleges that Key has no right, title, or interest in the LC because it wholly divested itself of all rights in the lease. It therefore maintains that allowing Key or GECC to draw upon, present, or receive any proceeds from the LC will cause Titan injury, and it asks the court to enjoin any such action. Titan also avers that Key and GECC have fraudulently and tortiously interfered with its contractual rights and rights to prospective advantage with TCB and that this conduct amounts to a material breach of the lease and related agreements. It asks the court to declare that Key's and/or GECC's attempts to draw, present, or obtain payment on the LC are wrongful and in breach of the lease, and that payment on the LC would be unauthorized.

Although the remedy that Titan seeks involves TCB—the court may enjoin TCB from paying on the LC or may declare that any payment on the LC would be unauthorized—Titan has nowhere pleaded a cause of action against TCB. *Pesch* illustrates this. In *Pesch* a foreign corporation asserted that it was entitled to the transfer of shares in a corporation, and the plaintiff joined as instate defendants the corporation whose shares were at issue and the corporation's instate transfer agent. *Pesch*, 637 F. Supp. at 1533. This court held that the instate defendants were nominal.

> Pesch contends there is no fraudulent joinder because he "has a proper cause of action for injunctive relief and recovery of possession of the option shares against both First City and Republic." This argument can be easily rejected because it confuses the existence of a *cause of action* with the availability of a *remedy*. Pesch's claim in the state petition, reduced to its essence, is against CDB for alleged breach of the parties' stock option agreement . . . . Nowhere in his petition, however, does Pesch even intimate that either of the Texas defendants has done anything for which it could be held liable in a Texas court. If injunctive or declaratory relief is ultimately granted, it will be because of liability on a cause of action asserted against CDB which has, as a mere incidence, the issuance of injunctive relief that directs the conduct of Republic and First City.

*Id*. at 1538. As in *Pesch*, if injunctive or declaratory relief is ultimately granted in this case against TCB, it will be because of the underlying misconduct of Key and/or GECC and based on a cause of action asserted against one or both of them.

In its brief in support of its remand motion, Titan sets out theories on which it could have based a claim against TCB. The court cannot, however, discern from the relevant document—Titan's state court petition—a basis in Texas law for concluding that Titan has a valid state-law cause of action against TCB.[3] In its petition, Titan outlines the conduct of Key and GECC and maintains that, acting individually or in concert, they breached the lease

---

[3]This is not a case in which the summary inquiry procedure applies. Titan has not stated a claim against TCB but misstated or omitted discrete facts that would determine the propriety of joinder. Titan has *not* stated a claim against TCB.

- 6 -

agreement and interfered with Titan's relationship with TCB. But Titan does not allege that TCB engaged in any actionable conduct. It neither suggests that TCB has acted or will act in bad faith nor does it even mention either the statutory "fraud exception" to LC-issuer independence or any other basis for issuer liability. Merely arguing in its brief that it might have a cause of action had TCB honored Key's presentment does not make TCB a party in interest properly joined in the petition.[4] Titan may have had a claim against TCB had it pleaded one, but it did not. No amount of writing in its brief can cure the deficiencies of its state court petition.

To support its argument that TCB is not a formal or nominal party, Titan also maintains that TCB is a necessary party. Without deciding what effect Titan's status as a necessary party would have on the improper joinder analysis, the court concludes that TCB is not a necessary party under Fed. R. Civ. P. 19. A party is necessary and should be joined under Rule 19 if "in the person's absence complete relief cannot be accorded among those already

---

[4]In support of its argument that it has set forth a cause of action against TCB, Titan relies extensively on *Fisher v. Dakota Community Bank*, 405 F.Supp.2d 1089 (D.N.D. 2005). In *Fisher* the court held that a bank that honored a fraudulent draw on a LC was a proper party whose citizenship defeated diversity jurisdiction. *Id.* at 1100. *Fisher* is not binding on this court, and it interprets North Dakota law. Moreover, the plaintiff in *Fisher* alleged that the documents presented to the bank to draw on the LC were false and fraudulent, thus supporting a claim against the bank for honoring the draw. *Id.* at 1091. There is no such allegation in the instant case.

parties." *Id.* Complete relief can be accorded to Titan even if TCB is not a party to this suit. An injunction preventing Key from either drawing on or accepting the proceeds of the LC for the benefit of GECC would provide Titan complete relief.

IV

Titan alleges in the alternative that this case is not removable because Key and GECC filed their notice of removal after they had already invoked the process of the state court, thereby waiving any right of removal. Specifically, Titan points out that, among other things, Key and GECC appeared at various hearings on Titan's application for a temporary restraining order and temporary injunction, applied for admission *pro hac vice* for one of its attorneys, made various court filings, and moved for judgment or a directed verdict at the temporary injunction hearing, which would have been dispositive of the action had it been granted, all without reserving the right to remove. Titan maintains that these actions constitute a clear waiver of any right that GECC and Key had to remove the case.

Waiver of the right to remove must be clear and unequivocal. *Tedford v. Warner-Lambert Co.,* 327 F.3d 423, 428 (5th Cir. 2003) (citing *Beighley v. FDIC,* 868 F.2d 776, 782 (5th Cir. 1989)). This means generally that the right of removal is not lost by the conduct that a defendant takes in state court if the action is short of proceeding to an adjudication on the merits. *Id.*

Further, the waiver must "indicate a specific, positive intent to proceed in state court." *Jacko v. Thorn Ams., Inc.,* 121 F.Supp.2d 574, 576 (E.D. Tex. 2000) (citing *Gore v. Stenson*, 616 F. Supp. 895, 898 (S.D. Tex. 1984)).  To determine whether there is clear and specific intent sufficient to waive removal, it is necessary to establish "whether the actions were taken by the defendant in state court for the purpose of preserving the status quo" or whether they instead "manifest an intent to litigate the merits of the claim." *Id.*  "'Actions that may result in a disposition on the merits of the state court action, in whole or in part, have also been found to evidence the requisite intent.'"  *Id.* (quoting *Bolivar Sand Co. v. Allied Equip., Inc.,* 631 F.Supp. 171, 173 (W.D. Tenn. 1986)).

Most of the conduct on which Titan relies to establish waiver relates to Key and GECC's appearances and defense against Titan's motions for a temporary restraining order and temporary injunction. But defending against such motions does not of itself constitute a waiver of the right to remove.  *See Hydro-Action, Inc. v. James*, 233 F.Supp.2d 836, 840 n.1 (E.D. Tex. 2002) ("Defendants defending themselves against a temporary injunction is insufficient to constitute waiver." (citing *Miami Herald Publ'g Co. v. Ferre*, 606 F. Supp. 122 (S.D. Fla. 1984)).  The motion for judgment or directed verdict, even if it would have been dispositive of the case had it been granted, was made in the context of the hearing on Titan's temporary injunction application.  Defendants argued in the

- 9 -

motion that Titan had failed to meet its burden and therefore was not entitled to a temporary injunction.  Key and GECC cannot be expected to relinquish a ground for defeating a temporary injunction motion merely because, if successful, it would have resulted in dismissal of Titan's suit.  The only action that was not directly related to Key and GECC's opposition to injunctive relief was their filing of an answer.  But filing an answer does not constitute waiver.  *John H. Carney & Assocs. v. State Farm Lloyds*, 376 F.Supp.2d 697, 703 (N.D. Tex. 2005) (Lindsay, J.) (holding that filing answer is matter necessary to "preserve the status quo").

The court therefore concludes that the actions that Key and GECC took in state court before removal do not evidence a clear and unequivocal intent to waive the right to remove.

\*   \*   \*

For the reasons set out, Titan's July 24, 2006 motion to remand is denied.

**SO ORDERED.**

October 26, 2006.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE